**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                **Case No. 04-40107-01-RDR**

JERRY L. ROBINSON,

        Defendant.

---

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant's motion to suppress. The court has heard evidence on this motion and is now prepared to rule.

The defendant is charged in a three-count indictment. He is charged with (1) possession with intent to distribute approximately 40 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute approximately 60 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1); and (3) possession with intent to distribute approximately 1300 grams of marijuana in violation of 21 U.S.C. § 841(a)(1). The charges arise from the arrest of the defendant on August 25, 2004.

In his motion to suppress, the defendant contends that (1) the search incident to arrest exception does not apply where he has been removed from the scene of the arrest; (2) there was no odor of marijuana to support a probable cause search; and (3)

without the odor allegation, the search warrant affidavit fails to support a conclusion that a drug offense had been committed.

FINDINGS OF FACT

    1. The defendant was wanted on outstanding warrants by Saline County, Kansas and the Kansas Department of Corrections. Law enforcement officers in Emporia were advised that the defendant was going to be at a convenience store in Emporia on August 25, 2004, driving an older model, silver-colored pickup truck. Various officers conducted surveillance on Scotties Stop and Shop at 202 East 6th Avenue in Emporia awaiting the defendant.

    2. The defendant did arrive in such a truck at approximately 10:25 p.m. The events that occurred after his arrival were videotaped by a camera located in the patrol car of Emporia Police Department Officer Louis Paccapaniccia. Officer Paccapaniccia parked his patrol car approximately fifteen feet from the defendant's truck.

    3. Detective Edward Owens, who was one of the officers conducting surveillance, pulled his car behind the defendant's truck to prevent any escape. Officer Paccapaniccia approached the driver's door of the defendant's truck with his gun drawn. He directed the defendant to show his hands. The defendant began to move to the passenger's side of the truck in an

apparent attempt to exit. Detective Owens and other officers blocked the defendant's exit from the vehicle. Officer Paccapaniccia moved to the passenger side of the truck. The defendant then quickly and easily allowed himself to be apprehended. He exited the truck and was immediately handcuffed. He was then patted down. Then, within seconds, he was moved to Officer Paccapaniccia's patrol car. He was then driven to the Lyon County Jail, which was only a few blocks away.

    4. As the defendant was being handcuffed, Detective Owens smelled the odor of raw marijuana emanating from the interior of the truck. At the time he smelled the marijuana, he was only about a foot away from the truck. Detective Owens has been with the Emporia Police Department since 1990. He has been a narcotics officer since 2001. He is very familiar with the smell of raw marijuana. He described the odor on this occasion as strong. He leaned into the truck and noticed a Wal-Mart plastic bag on the bench seat. He opened the bag and saw a gallon zip-lock bag containing what he believed was marijuana. He made this discovery as the defendant was being taken to Officer Paccapaniccia's patrol car. He showed the bag of marijuana to another officer. He conducted a subsequent search a few minutes later and found white chunks of powder.

5. The deputy chief of the Emporia Police Department was also at the scene and participated in the apprehension of the defendant. Deputy Chief Williams told Detective Owens to secure the truck and prepare an affidavit for a search warrant. The truck was secured and driven to the basement garage of the Emporia Police Department.

6. Detective Owens prepared an affidavit the next day and took it to a local judge. Lee Fowler, District Court Judge for the District of Lyon County, Kansas, signed the warrant. The warrant was subsequently executed. The search revealed three large bags of marijuana and bags of crack cocaine and methamphetamine. The marijuana found in the Wal-Mart bag was contained in six individual zip-lock bags inside the gallon zip-lock bag. The other marijuana was found in two one-gallon zip-lock bags. The marijuana in those bags was not individually packaged. The total amount of marijuana was just over 1300 grams.

7. Officer Paccapaniccia smelled the odor of marijuana emanating from the truck the next day while it was parked in the basement of the police department. He noticed the smell when he was about three feet away from the truck. He was familiar with the distinctive smell of raw marijuana. He thought the odor was very strong in the basement. The defendant's truck was the only

vehicle in the basement garage other than patrol cars.

CONCLUSIONS OF LAW

    1.  It is well-settled that warrantless searches violate the Fourth Amendment unless they fall within a specific exception to the warrant requirement.  See <u>United States v. Karo</u>, 468 U.S. 705, 717 (1984).  "[T]he government has the burden of proving that an exception to the warrant requirement applies."  <u>United States v. Maestas</u>, 2 F.3d 1485, 1491 (10th Cir. 1993).

    2.  A number of exceptions to the requirement of a search warrant have developed in searches of vehicles, including the search incident to arrest exception.  In particular, the police can search the vehicle occupied by a person being lawfully arrested without first obtaining a search warrant.  See <u>New York v. Belton</u>, 453 U.S. 454, 460 (1981) ("when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile").  In cases subsequent to <u>Belton</u>, the Tenth Circuit Court of Appeals limited its scope, although not always consistently.  The Tenth Circuit has established temporal and physical proximity limitations.  See <u>United States v. Lugo</u>, 978 F.2d 631, 635 (10th Cir. 1992) (warrantless search of car invalidated because defendant was handcuffed and removed from scene at time of search) and <u>United

States v. Edwards, 242 F.3d 928, 937-38 (10th Cir. 2001) (warrantless search of car invalidated where defendant was arrested, handcuffed and placed in patrol car at time of search); but see United States v. Humphrey, 208 F.3d 1190, 1202 (10th Cir. 2000) (without citing Lugo, court upheld search incident to arrest after defendant was handcuffed and placed in a patrol car).  A recent decision by the United States Supreme Court, however, has caused the Tenth Circuit to reconsider the force of its prior rulings.  Without overruling Edwards and Lugo, the Tenth Circuit determined that Thornton v. United States, 541 U.S. 615 (2004) has provided additional guidance on the scope of Belton.  See United States v. Sumrall, 115 Fed.Appx. 22, 26, 2004 WL 2397771 (10th Cir. 2004).  The court stated the following in its unpublished decision concerning the search incident to a lawful arrest exception where the defendant had been handcuffed and was seated in the patrol car at the time of the search:

> We believe a recent case has bearing on the instant one. See Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), decided May 24, 2004. In Thornton, the Supreme Court stated that Belton had held that when a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allowed the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest. In Thornton, the Supreme Court extended the rule of Belton to cover the situation "where an officer does not make contact until the person arrested has left the vehicle."  In

6

>      our case, the officer did not make contact with the
>      defendant until after he had exited the van and locked
>      the door and was standing by the side of his van. In
>      Thornton, as in the instant case, the defendant was
>      handcuffed, arrested, and placed in the back seat of
>      the patrol car at the scene of the arrest at the time
>      of the actual search. Notwithstanding that fact, the
>      Supreme Court in Thornton held that the search of the
>      automobile was an incident to a lawful custodial
>      arrest.  We recognize that in Thornton, the fact that
>      the defendant at the time of the search was handcuffed
>      and seated in the rear seat of the patrol car at the
>      scene of the arrest apparently was not relied on by
>      the defendant as a ground for holding that the search
>      was not incident to a lawful arrest.  The issue
>      resolved in Thornton was that the rule of Belton,
>      i.e., the lawful arrest of an occupant of an
>      automobile made the ensuing search of the vehicle a
>      search incident to a lawful arrest, was extended to
>      include, not just an "occupant," but would also
>      include a "recent occupant." Such being the case, we
>      decline to hold that the search in the instant case
>      was invalid because the defendant was handcuffed and
>      seated in the patrol car, the Supreme Court in
>      Thornton having validated a search as being incident
>      to an arrest where the defendant was also handcuffed
>      and seated in the patrol car, just as the defendant
>      was in the present case.

Id.(footnote omitted).

    3.  This court agrees with the decision reached by the Tenth Circuit in Sumrall.  We believe that Thornton makes it clear that a search may be made of a vehicle where its occupant or recent occupant has been arrested, even if he or she is handcuffed and sitting in the patrol car.  Accordingly, we find that the defendant's truck was lawfully searched incident to his arrest, even though he was handcuffed at the time.

    4.  Even if we were to conclude that Lugo and Edwards

remained applicable, we would conclude that the search was still valid. The initial search of the truck by Detective Owens occurred prior to the time that the defendant was placed in the patrol car. The defendant was at the rear of the truck when Detective Owens looked inside the truck and found the marijuana. Even under <u>Lugo</u> and <u>Edwards</u>, this search would be valid.

5.  In addition, even if the search was invalid as one incident to arrest, we would find the search was properly based on probable cause. Under the Fourth Amendment, the police may conduct a warrantless search where they have probable cause to search the area in question and exigent circumstances exist to make the warrant requirement impractical. <u>See</u> <u>Carroll v. United States</u>, 267 U.S. 132 (1925). In the context of vehicle searches, a warrantless search is permissible if there is probable cause to believe that the vehicle contains contraband. <u>See</u> <u>California v. Carney</u>, 471 U.S. 386, 392 (1985); <u>United States v. Crabb</u>, 952 F.2d 1245, 1246 (10th Cir. 1991) (finding "neither exigent circumstances nor practical barriers to obtaining a warrant," and concluding that "time and opportunity to obtain a warrant are irrelevant, as constitutional analysis ends with finding probable cause"), <u>cert. denied</u>, 504 U.S. 925 (1992). "Probable cause to search a vehicle is established if, under the 'totality of the circumstances[,]' there is a 'fair

probability' that the car contains contraband or evidence." United States v. Nielsen, 9 F.3d 1487, 1489-90 (10th Cir. 1993).

6.  The Tenth Circuit has long recognized that the emanating odor of controlled substances from a vehicle provides probable cause to search it without a warrant. See United States v. Morin, 949 F.2d 297, 300 (10th Cir. 1991) (citing United States v. Bowman, 487 F.2d 1229, 1231 (10th Cir. 1973)).  The record discloses that Detective Owens was very familiar with the smell of raw marijuana.  The court found his testimony concerning the smell of the marijuana credible.  Once Detective Owens smelled the odor of marijuana emanating from the truck, he had the right to search the truck.  See United States v. Ozbirn, 189 F.3d 1194, 1200 (10th Cir. 1999); United States v. Parker, 72 F.3d 1444, 1450 (10th Cir. 1995); United States v. Louck, 806 F.2d 208, 209-10 n. 1 (10th Cir. 1986).

7.  In sum, the court finds that the initial search of the truck was proper.  The court further finds that the subsequent search of the truck based upon the search warrant was also proper.  The defendant's motion to suppress must be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress (Doc. # 20) be hereby denied.

**IT IS SO ORDERED**.

Dated this 3rd day of February, 2005 at Topeka, Kansas.

>                          s/Richard D. Rogers
>                          United States District Judge