IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      **Case No. 04-40107-01-RDR**

JERRY L. ROBINSON,

        Defendant.

### MEMORANDUM AND ORDER

On June 24, 2005 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the sentencing hearing.

The defendant entered a plea of guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Following the preparation of the presentence report, the defendant raised two objections. The government had no objections to the presentence report.

The objections raised by defendant concerned only his criminal history. He initially challenged the calculation of his criminal history based upon the Sixth Amendment and the Supreme Court's decision in United States v. Booker, 543 U.S. ____, 125 S.Ct. 738 (2005). The defendant recognizes that this objection is foreclosed by United States v. Moore, 401 F.3d 1220 (10th Cir. 2005), but presents it in order to preserve it. The court agrees that this objection must be denied in light of

Moore.

The defendant next argues that the guideline determination of his criminal history violates the ex post facto and due process clauses of the United States Constitution. He suggests the imposition of the career offender provisions of U.S.S.G. § 4B1.1 are unconstitutional because he committed his crime after Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. ____, 124 S.Ct. 2531 (2004), but before Booker.

In Blakely, the Supreme Court held the Washington state sentencing guidelines unconstitutional and called into question the constitutionality of the federal sentencing guidelines. However, the Court at that time did not overrule them and, since that time, the Court in Booker severed the provisions making the guidelines mandatory in order to preserve the guidelines as an advisory system.

The court is not persuaded that the defendant's due process rights have been violated. The court is also not persuaded that the sentence proposed in the presentence report will violate the ex post facto clause. The timing of the cases noted by the defendant presents no problem here. Blakely did not render the federal sentencing guidelines in violation of the Sixth Amendment. Accordingly, any argument by the defendant that he

2

did not have fair warning that the federal guidelines would be applied to his offense at the time he committed it must fail. See, e.g., United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005) (retroactive application of Supreme Court's remedial decision in Booker did not violate due process or ex post facto). The defendant had ample warning at the time he committed his offense that he could be subjected to the career offender provisions of the federal guidelines and that the maximum sentence that could be imposed was 20 years. Thus, the defendant's objections shall be denied.

With the denial of the aforementioned objections, the defendant's criminal history category was VI and his total offense level was 29. These determinations produced a guideline range of 151 to 188 months.

After a careful review of the factors set forth in 18 U.S.C. § 3553(a), the court has determined that the appropriate sentence for the defendant is 120 months. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this

case, including the nature and circumstances of the offense and the history and characteristics of the defendant.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2005 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge