IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

  vs.                                 **Case No. 04-40107-01**
                                                06-3178-RDR

JERRY ROBINSON,

           Defendant.

## **O R D E R**

This matter is presently before the court upon (1) defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255; and (2) defendant's motion to amend. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

The defendant entered a plea of guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) on March 25, 2005. The court sentenced the defendant to a term of imprisonment of 120 months and 3 years of supervised release on June 28, 2005. The defendant filed the instant § 2255 motion on June 29, 2006.

In his motion, the defendant contends that his sentence has not been properly executed by federal and state authorities. He asserts that the federal government has violated the Anti-Shuttling provisions of the Interstate Agreement on Detainers Act. He argues that his federal sentence, which was initiated when he was sent to El Reno, Oklahoma following this court's sentencing, was "stopped"

when he was returned to the state of Kansas to complete his parole violation sentence. He requests that his federal sentence be dismissed, or that he be given credit towards his federal sentence for time spent in state custody.

In response to the defendant's motion, the government asserted that the defendant was actually seeking relief under 28 U.S.C. § 2241, and that petitioner had failed to name the proper respondent. The government further argued that the defendant had failed to exhaust his administrative remedies on the issues raised in his motion.

The defendant responded to the government's answer in a curious manner. He agreed with the government that he had originally named the wrong respondent. He filed a motion to amend his petition to name the warden of the institution where he is presently incarcerated as the respondent. He, however, failed to agree that his motion actually sought relief under § 2241. Rather, he suggested that because his claim was "jurisdictional," he was properly proceeding under § 2255.

Based upon the allegations contained in his petition, the court is thoroughly persuaded that the defendant is challenging the execution of his sentences. Such challenges must be made under § 2241. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Accordingly, the court shall consider the defendant's motion as one seeking relief under § 2241.

The court finds no need at this time to amend the defendant's motion to show a different respondent because of the second argument raised by the government.  The government asserts that the defendant has failed to demonstrate he has exhausted his administrative remedies on the claims he has asserted.  We must agree.  Exhaustion of administrative remedies is necessary prior to pursuing relief under § 2241.  See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).  The defendant has pointed only to one letter that he wrote to the Bureau of Prisons where he requested certain information.  This letter is clearly insufficient to show exhaustion of administrative remedies.  The defendant has failed to provide any other information that he has followed the administrative procedures set forth in 28 C.F.R. §§ 542.10-.19.  Without any showing of exhaustion, the court must dismiss the defendant's § 2241 motion without prejudice.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the court has construed as a motion for relief under 28 U.S.C. § 2241, be hereby dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2006 at Topeka, Kansas.

s/Richard D. Rogers

                                        United States District Judge