# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                               Case No. 04-40107-01-RDR

                                     10-4134-RDR

**JERRY L. ROBINSON,**
        **Defendant.**

_____

## MEMORANDUM AND ORDER

On November 3, 2010, defendant file a motion pursuant to 28 U.S.C. § 2255. (Doc. # 53) This matter is currently before the court on defendant's motion for Release Pending Resolution of his motion. (Doc. # 64). The government does not oppose defendant's motion.

In order to obtain release on bail pending consideration of a post-conviction motion under 28 U.S.C. § 2255, a prisoner must show a substantial constitutional claim on "which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." See *United States v. Eliely*, 276 Fed. Appx. 270, 270-71 (4th Cir. 2008) (per curiam)(unpublished)(collecting cases); see also 18 U.S.C. § 3145(b).

In light of the government's concessions in its response to defendant's § 2255 motion, (Doc. # 55) that defendant is entitled to have his motion granted under 28 U.S.C. § 2255, and defendant's current incarceration beyond the statutorily authorized term, defendant has met the showing to obtain release on bail pending consideration of his post-conviction motion.

The government's response disagrees with defendant's suggestion that this Court find that the maximum sentence for his offense is five years and either directly order his release or hold a sentencing hearing and sentence him to a term of five years or time served. The Court will consider that issue following briefings by the parties. The government does not object to defendant being released subject to supervision by the U.S. Probation Office pending the resolution of his § 2255 proceedings.

For these reasons, the Court grants defendant's motion. Defendant shall be released pending resolution of his motion under the terms and conditions as set forth in the Order Setting Conditions of Release attached to this Memorandum and Order. Upon resolution of the defendant's § 2255 motion, if appropriate, defendant shall surrender for service of the sentence at the facility designated by the Bureau of Prisons as notified by the United States Marshal's office.

**IT IS THEREFORE ORDERED** that defendant's Motion for Release Pending Resolution of Motion (Doc. # 64) is granted.

**IT IS FURTHERED ORDERED** that defendant shall be released pending resolution of defendant's motion pursuant to 28 U.S.C. § 2255, under the terms and conditions as set forth in the Order Setting Conditions of Release attached to this Memorandum and Order.  Upon resolution of the defendant's § 2255 motion, if appropriate, defendant shall surrender for service of the sentence at the facility designated by the Bureau of Prisons as notified by the United States Marshal's office.

**IT IS FURTHER ORDERED** the Clerk of the Court shall serve a copy of this order on the Warden at FCI Englewood via facsimile or other electronic means; that the Warden at FCI Englewood shall have the defendant sign the attached Order Setting Conditions of Release and return it to the Court; that the Warden at FCI Englewood be ordered to release Jerry L. Robinson from imprisonment immediately; that the Bureau of Prisons provide transportation funds to defendant from Englewood FCI to Salina, Kansas; that defendant is directed to report to the U.S. Probation Office for the District of Kansas, (785) 338-5600 within 72 hours of release and be supervised pending resolution of his § 2255 proceedings.

Dated this 6th day of December, 2010, at Topeka, Kansas.

    s/ Richard D. Rogers
    Richard D. Rogers
    United States District Judge